## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JASON POWELL MICHALAK
and STACEY POWELL MICHALAK,

                    Plaintiffs,

v.

MICHIGAN STATE POLICE
DEPARTMENT, *et al*.,

                    Defendants.

_____/

Case No. 2:25-cv-11257

Hon. Brandy R. McMillion
United States District Judge

Hon. Curtis Ivy, Jr.
United States Magistrate Judge

## OPINION AND ORDER ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION (ECF NO. 20), OVERRULING PLAINTIFFS' OBJECTIONS (ECF NO. 25), DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION (ECF NO. 13), SUMMARILY DISMISSING CERTAIN CLAIMS AND DEFENDANTS, AND DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT (ECF NO. 27)

Plaintiffs Jason Powell Michalak and Stacey Powell Michalak filed this *pro se* civil rights action against Defendants Michigan State Police Department ("MSP"), Detective Rushford, Sergeant Dolan, City of Detroit, Officer J. Shanti, Officer X. Popaj, Officer D. Curtis, Officer John Doe ("Officer #3848"), Sergeant C. Rabior, and the Detroit Police Department ("DPD") (collectively, "Defendants") for allegedly unlawfully detaining them. *See generally* ECF No. 1. Plaintiffs filed an Amended Complaint further detailing these claims. *See*

1

ECF No. 9.[1]   Shortly after amending their complaint, Plaintiffs filed a Motion for Preliminary Injunction seeking an order to prohibit use and retention of DNA samples taken during their arrest.   ECF No. 13.   On June 30, 2025, Magistrate Judge Curtis Ivy, Jr. issued a Report and Recommendation ("R&R") recommending that the motion for preliminary injunction be denied but also screening the Amended Complaint and recommending dismissal of all claims against Defendants MSP, City of Detroit, DPD, Rushford, Dolan, Rabior, Curtis, and Officer #3848, and dismissal of the deliberate indifference and official capacity claims against Defendants Shanti and Popaj.   *See* ECF No. 20. Plaintiffs filed objections, *see* ECF No. 25, and Defendants MSP, Dolan, City of Detroit and DPD responded, *see* ECF Nos. 30, 33.

Having reviewed the objections and conducting a *de novo* review of the record and briefs, the Court concludes that Plaintiffs are not entitled to the preliminary injunctive relief requested and Plaintiffs fail to state a claim for relief against certain defendants.   Accordingly, the Court will **ACCEPT AND ADOPT** the recommended disposition of the R&R (ECF No. 20), **OVERRULE**

---

[1] Two days after filing the Amended Complaint, Plaintiffs filed a Second Amended Complaint which was stricken from the record.   *See* ECF Nos. 11, 17.   Federal Rule of Civil Procedure 15(a)(1) allows a party to amend their pleading "once as a matter of course."   The Amended Complaint is therefore Plaintiffs' "once as a matter of course" amendment.   Subsequent to that, Plaintiff filed a Motion to File a Second Amended Complaint which is currently pending before the Court.   *See* ECF No. 7.   That Motion is being denied, for the reasons stated herein, so the operative complaint is the Amended Complaint.

Plaintiffs' Objections (ECF No. 25), **DENY** Plaintiffs' Motion for Preliminary Injunction (ECF No. 13), and **DISMISS** all claims against Defendants MSP, City of Detroit, DPD, Rushford, Dolan, Rabior, Curtis, and Officer #3848, and **DISMISS** the deliberate indifference claim and the official capacity claims against Defendants Shanti and Popaj.

## I.

Plaintiffs filed this action alleging violations of their constitutional rights for unlawful detention following interactions with police. *See generally* ECF No. 9. Plaintiffs allege that on June 10, 2023, a Michigan State Police patrol vehicle was parked on a street in Detroit, Michigan, obstructing traffic. *Id.* at PageID.32. Plaintiffs began recording the scene with their cellular phones; and questioned two MSP officers about the parked vehicle. *Id.* Officers from DPD arrived on the scene and instructed Plaintiffs to vacate the sidewalk. *Id.* at PageID.33. Officer Shanti then grabbed Jason's wrist and applied "excessively tight handcuffs," while Officer Popaj shoved Stacey to the ground. *Id.* Jason was arrested for disorderly conduct and Stacey was arrested for loitering. *Id.*

Plaintiffs claim violations of the First, Fourth, and Fourteenth Amendments and assert a *Monell* claim against the municipal defendants. ECF No. 9, PageID.34-35. On May 19, 2025, Plaintiffs moved for a preliminary injunction to prohibit Defendants from "retaining, using, or disclosing Plaintiffs' DNA

sample or profile," which they obtained after Plaintiffs were arrested.   ECF No. 13.

Magistrate Judge Ivy reviewed the Motion for Preliminary Injunction, in addition to conducting a screening of the Amended Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B).   Judge Ivy recommends that the Motion for Preliminary Injunction be denied; and that certain claims and defendants be dismissed for failure to state a claim.   ECF No. 20, PageID.124.

## II.

Pursuant to Federal Rule of Civil Procedure 72(b), if a party objects to a Magistrate Judge's report and recommendation, the District Judge, in conducting a *de novo* review, can "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."   Fed. R. Civ. P. 72(b)(3).   Objections must be stated with specificity.   *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).   "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Moreover, an objection that "merely restates the arguments previously presented does not sufficiently identify alleged errors on the part of the magistrate judge."   *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004).

4

The Court "is not obligated to address objections made in this form because the objections fail to identify the specific errors in the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal Magistrate's Act, which serves to reduce duplicative work and conserve judicial resources." *See Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 WL 1304470 at *3, (W.D. Mich. Mar. 28, 2013) (citations omitted).

When a party objects to portions of a Magistrate Judge's R&R, the Court reviews those portions *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the R&R to which the parties did not object. *Thomas*, 474 U.S. at 153. However, a *de novo* review of proper objections requires at least a review of the evidence before the Magistrate Judge; and the Court may not act solely on the basis of a Magistrate Judge's R&R. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

### III.

Plaintiffs submitted five objections to Magistrate Judge Ivy's R&R. *See* ECF 25. The Court will address each of these objections in turn.

### <u>Objection 1</u>:  Monell Dismissal Reflects a Willful Misreading of the Pleading

Plaintiffs argue that they do not recite generic boilerplate *Monell* claims but

instead identify a discernible municipal policy and practice of retaliation, constitutional deprivation, and systemic refusal to comply with lawful FOIA requests in the Second Amended Complaint.   ECF No. 25, PageID.166-167. This argument fails for two reasons.

First, the Second Amended Complaint is not properly before the Court.   As noted, Plaintiffs are entitled to amend their complaint "***once*** as a matter of right." Fed. R. Civ. P. 15(a) (emphasis added).   They did so in filing the Amended Complaint (ECF No. 9).   The Second Amended Complaint was stricken at the time the R&R was issued.   That Plaintiffs have now filed a Motion to for Leave to file a Second Amended Complaint does not help them.   Rule 15 allows the Court to deny a motion for leave to file an amended complaint when the motion has been brought in bad faith, would cause undue delay, or would be futile.   *See Martin v. Trott Law, P.C.*, 198 F. Supp. 3d 794, 814 (E.D. Mich. 2016).   And here, the Second Amended Complaint adds nothing more to sustain a *Monell* claim against the City of Detroit or the Detroit Police Department.[2]   And for that reason, the Motion for Leave to File the Second Amended Complaint is therefore

---

[2] The Court notes that the Motion for Leave to File the Second Amended Complaint (ECF No. 27) does not in fact attach a Second Amended Complaint.   However, the Court has reviewed the previously filed Second Amended Complaint (now attached to Plaintiffs' reply brief, *see* ECF No. 35), the response briefs of MSP, Dolan, City of Detroit and DPD (*see* ECF Nos. 31, 34) to reach its conclusion that amendment would be futile.

denied.[3]

Second, the Magistrate Judge was correct in finding that the City of Detroit and the Detroit Police Department should be dismissed from this suit.   It is well-settled law that "a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory."   *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis omitted); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994).   Municipal liability is limited to action for which the municipality is "actually responsible."   *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (Brennan, J. concurring) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80 (1986)).   There are four recognized avenues for plaintiffs to establish a municipality's policy or custom: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations."   *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005)).   Here,

---

[3] The Court is also persuaded by Defendants MSP and Dolan's argument that the Court should deny the Motion to Amend because Plaintiffs, in objecting to the Magistrate Judge's R&R, clearly assert that their claims are sufficient.   *See* ECF No. 34, PageID.230.   For the reasons herein the Court finds Plaintiffs' allegations to be insufficient.   And they are not entitled to unlimited bites at the apple to try to get it right.

Plaintiffs have not alleged any of the above and solely make conclusory allegations that parrot the legal standard for municipal liability which is insufficient to state a claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009). Accordingly, Objection No. 1 is overruled.

### <u>Objection 2</u>: **Personal Involvement Standard Twisted Beyond Recognition**

Plaintiffs argue that they have laid out "concrete facts showing presence, involvement, or willful inaction by Officers Rushford, Dolan, Rabior, and Curtis" which is sufficient to withstand *Twombly* and *Iqbal*. ECF No. 25, PageID.167. The Court disagrees. Plaintiffs must allege sufficient facts showing that each defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish § 1983 liability. *See Turner v. City of Taylor*, 412 F.3d 629, 643 (6th Cir. 2005). And a police officer is liable for failure to intervene when the officer observed or had reason to know that excessive force would be used and had the opportunity and means to prevent the harm from occurring. *Goodwin v. City of Painesville*, 781 F.3d 314, 328 (6th Cir. 2015). The Amended Complaint does not state with any specificity what each officer did or didn't do with respect to Plaintiffs' alleged unlawful detention. The only specific factual allegation to Rushford and Dolan is that Plaintiffs approached them and inquired about the vehicle. ECF No. 9, PageID.32. This is not

sufficient to allege any constitutional violations.   There are no specific factual allegations as to Officer Rabior[4]; and Officer Curtis is generally identified as a DPD officer who arrived on the scene and told Plaintiffs to vacate the public sidewalk.   *Id.* at PageID.33.   This is wholly insufficient to place any of these officers on notice or plausibly alleged any unlawful conduct.   And for that reason, the objection is overruled.

**Objection 3**:   **Deliberate Indifference Claim Rejected by Misstating Law and Fact**

Plaintiffs argue that the deliberate indifference claims should not be dismissed because being placed in an unventilated police vehicle "after expressly informing Defendant Shanti of a known seizure disorder" and suffering a seizure while in custody is "textbook deliberate indifference under the Fourteenth Amendment."   ECF No. 25, PageID.167.   First, the Amended Complaint does not list a Fourteenth Amendment deliberate indifference claim.   *See id.* at PageID.34-35.   However, in reading *pro se* complaints liberally and for the sake of completeness, the Court will address it.   Second, the objection only relates to Plaintiff Jason Michalak and Defendant Shanti and therefore as to all other Defendants, it is overruled.   *See Thomas*, 474 U.S. at 153 (the Court has no duty

---

[4] There are also no specific factual allegations as to Defendant John Doe (Officer #3848).   ECF No. 9, PageID.32-33.   However, Plaintiffs also did not object to his dismissal.   ECF No. 25, PageID.167.

to conduct an independent review of the portions of the R&R to which the parties did not object).

Last, to establish a claim for deliberate indifference to serious medical needs, a pretrial detainee must show that the defendant *objectively* acted or failed to act deliberately and recklessly—with "more than negligence but less than subjective intent—something akin to reckless disregard." *Brawner v. Scott Cnty., Tenn.*, 14 F.4th 585, 596 (6th Cir. 2021).   And the defendant must have *subjectively* done so "in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known."   *Id.* at 596 (citation and internal quotation marks omitted).   Plaintiffs' allegations fail to meet the objective component necessary to state a plausible claim to relief.   Plaintiffs fail to allege any facts in which the Court could plausibly infer that Defendant Shanti objectively acted or failed to act, deliberately or recklessly.   Simply alleging that Jason had a seizure disorder and was placed in an unventilated vehicle does not adequately state a claim upon which relief can be granted.

Additionally, Plaintiffs' allegations fail the subjective component, as they do not allege any facts that Defendant Shanti was involved during the time Plaintiff Jason Michalak was in custody and had the seizure.   In fact, Plaintiffs allege that Jason Michalak was transported to a nearby hospital for treatment once he had the seizure.   ECF No. 9, PageID.33.   Moreover, that Plaintiff Jason

10

Michalak was placed in an unventilated car after notifying Defendant Shanti of

his seizure disorder does not show how that at all relates to Jason having a seizure

while in custody the following day; and Plaintiffs fail to allege any facts to show

that Defendant Shanti deliberately or recklessly failed to act when Jason was in

his custody.   And for these reasons, this objection is overruled.

**Objection 4**:   **Erroneous Immunity Ruling on Official Capacity Claims**

Plaintiffs argue that their official capacity claims should survive dismissal

because "Defendant officers acting under the color of law for the City of Detroit

are subject to suit under § 1983 in their official capacities."   ECF No. 25,

PageID.167-168.   Plaintiffs state that the R&R "improperly conflates state

sovereign immunity with municipal liability."   *Id.* at PageID.168.   The Court

agrees that Defendants Shanti and Popaj were officers of DPD and not the state

of Michigan, therefore they are not entitled to Eleventh Amendment sovereign

immunity.   However, "[s]uing a municipal officer in his official capacity for a

constitutional violation pursuant to 42 U.S.C. § 1983 is the same as suing the

municipality itself . . . ."   *Kraemer v. Luttrell*, 189 F. App'x 361, 366 (6th Cir.

2006) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)).   So, to the extent that

Officers Shanti and Popaj are being sued in their official capacities, such claims

are construed as being asserted against DPD, and for the reasons previously

discussed, those claims are dismissed.   Therefore, Objection No. 4 is overruled.

**Objection 5**:   **Denial of Preliminary Injunction Deprives Due Process**

Plaintiffs argue that denial of the motion for preliminary injunction without an evidentiary hearing, briefing, or a meaningful legal analysis is procedurally abusive.   ECF No. 25, PageID.168.   However, as Defendants MSP and Dolan note, the Court is not required to hold a hearing on a motion for preliminary injunction where "material facts are not in dispute, or where facts in dispute are not material to the preliminary injunction sought" and the Court can decide the motion as a question of law.   *See Nexus Gas Transmission, LLC v. City of Green, Ohio*, 757 F. App'x 489, 496 (6th Cir. 2018); *see also* ECF No. 30, PageID.202-203 (citing *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 552 (6th Cir. 2007)); ECF No. 33, PageID.225.   Here, there are no such disputed facts.   Instead, the motion for preliminary injunction can be resolved solely as a question of law.   Because the request to bar retention of DNA is not directly tied to the claims asserted in the Amended Complaint, the motion is properly denied.   *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010); *see also* ECF No. 33, PageID.224-225 (citing same).   Therefore, the objection is overruled and the Motion for a Preliminary Injunction (ECF No. 13) is denied.

**IV.**

Accordingly, the Court **ACCEPTS AND ADOPTS** the recommended

disposition of Magistrate Judge Ivy's Report and Recommendation (ECF No. 20). Plaintiff's Objections (ECF No. 25) are **OVERRULED**.   The Plaintiffs' Motion for Preliminary Injunction (ECF No. 13) is **DENIED**.

   **IT IS HEREBY ORDERED** that all claims as to the Defendants Michigan State Police, City of Detroit, Detroit Police Department, Rushford, Dolan, Rabior, Curtis, and John Doe (Officer #3848) are **DISMISSED WITH PREJUDICE**. The deliberate indifference claims and the official capacity claims against Defendants Shanti and Popaj are **DISMISSED WITH PREJUDICE**.   The only remaining claims in this action are the First and Fourth Amendment claims against Defendants Shanti and Popaj, in their individual capacity (Counts I-VII).

   **IT IS FURTHER ORDERED** that Defendants Shanti and Popaj shall file a responsive pleading to the Amended Complaint, no later than **August 21, 2025**. Nothing in this Order shall be construed as to prohibit Defendants Shanti and Popaj from separately moving to dismiss any of the remaining claims against them.

   **IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File a Second Amended Complaint (ECF No. 27) is **DENIED**.


   **IT IS SO ORDERED.**

Dated: July 30, 2025                    s/Brandy R. McMillion

Detroit, Michigan                    HON. BRANDY R. MCMILLION
                                     United States District Judge