UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JASON POWELL MICHALAK and STACY POWELL MICHALAK, | Case No.: 25-11257 |
| | Brandy R. McMillion<br>United States District Judge |
| Plaintiffs, | |
| v. | Curtis Ivy, Jr.<br>United States Magistrate Judge |
| J. SHANTI and X. POPAJ, | |
| Defendants. | |
| _____/ | |

**ORDER**

Before the Court is Plaintiffs' *Motion to Disqualify Detroit Law Department ("Law Department") as Counsel for Defendants*. (ECF No. 46). The instant motion was filed on October 1, 2025, pursuant to Rules 1.7 and 1.13 of the Michigan Rules of Professional Conduct. This motion was referred to the Magistrate Judge for determination. For the reasons discussed below, the motion is **DENIED**.

**I.     BACKGROUND**

Plaintiffs Jason and Stacey Michalak filed suit against the Michigan State Police ("MSP"), the City of Detroit, the Detroit Police Department ("DPD"), and several police officers in its employ, alleging federal claims for violations of 42

U.S.C. § 1983. (ECF No. 1). Over objection, the Court dismissed all claims against Defendants MSP, the City of Detroit, DPD, Rushford, Dolan, Rabior, Curtis, and Doe (#3848). (ECF No. 36). The remaining claims here are the First and Fourth Amendment claims against Defendants Shanti and Popaj, in their individual capacity.

Plaintiffs now seek to disqualify the Law Department, relying on M.R.P.C. §§ 1.7 and 1.13. Plaintiffs maintain that as the Court has dismissed the City of Detroit as a defendant, the Law Department should be disqualified from representing the remaining defendants. The Law Department argues that Plaintiffs lack standing, thus their motion must fail.

## II. DISCUSSION

The district court has the duty and responsibility of supervising the attorneys who appear before it. *Kevlik v. Goldstein*, 724 F.2d 844, 847 (1st Cir. 1984). This responsibility includes the inherent authority to disqualify counsel. *D.H. Overmyer Co., Inc. v. Robson*, 750 F.2d 31, 33 (6th Cir. 1984).

"Unquestionably, the ability to deny one's opponent the services of capable counsel, is a potent weapon. Confronted with such a motion, courts must be sensitive to the competing public policy interests of preserving client confidences and of permitting a party to retain counsel of his choice." *Manning v. Waring, Cox, James, Sklar & Allen*, 849 F.2d 222, 224 (6th Cir. 1988). "A court should

2

only disqualify an attorney 'when there is a reasonable possibility that some specifically identifiable impropriety actually occurred.'" *Moses v. Sterling Com. (Am.), Inc.*, 122 F. App'x 177, 183–84 (6th Cir. 2005) (quoting *Kitchen v. Aristech Chem.*, 769 F. Supp. 254, 257 (S.D. Ohio 1991)). A state's ethics rules are appropriate standards against which to measure the propriety of an attorney's conduct for determining whether a lawyer should be disqualified in a particular case. *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Alticor, Inc.*, 466 F.3d 456, 457–58 (6th Cir. 2006), *vacated on other grounds*, 472 F.3d 436 (6th Cir. 2007) (citing *Evans & Luptak, PLC v. Lizza*, 251 Mich. App. 187, 650 N.W. 2d 364, 368–69 (2002)).

In their motion, Plaintiffs argue that the governing ethics rules are Michigan Rules of Professional Conduct 1.7 and 1.13. The general prohibition against direct conflicts of interest is set forth in Michigan Rule of Professional Conduct 1.7, which provides:

> (a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:
> > (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and
> > (2) each client consents after consultation.

Mich. R. Prof'l Cond. 1.7(A).

Rule 1.13 of the Michigan Rules of Professional Conduct provides, in pertinent part, as follows:

3

>Organization as Client.
>
>(a) A lawyer employed or retained to represent an organization represents the organization as distinct from its directors, officers, employees, members, shareholders, or other constituents.

Mich. R. Prof'l Cond. 1.13.

"A motion to disqualify counsel is the proper method for a party to bring to the court's attention an alleged conflict of interest or breach of ethical duty by opposing counsel." *Glenn v. Nasscond, Inc.*, 2016 WL 409409, at *1 (E.D. Mich. Feb. 3, 2016) (citing *DeBiasi v. Charter Cnty. of Wayne*, 284 F. Supp. 2d 760, 770 (E.D. Mich. 2003)). Even so, "[m]otions to disqualify are viewed with disfavor and disqualification is considered a drastic measure which courts should hesitate to impose except when absolutely necessary." *Valley-Vulcan Mold Co. v. Ampco-Pittsburgh Corp.*, 237 B.R. 322, 337 (B.A.P. 6th Cir. 1999) (citation and internal quotation marks omitted). The party seeking disqualification bears a heavy burden, *see MJK Fam. LLC v. Corp. Eagle Mgmt. Servs.*, 676 F. Supp. 2d 584, 592 (E.D. Mich. 2009), and a court should only disqualify an attorney "when there is a reasonable possibility that some specifically identifiable impropriety actually occurred." *Moses v. Sterling Com. (Am.) Inc.*, 122 F. App'x 177, 184 (6th Cir. 2005) (citations omitted).

The Sixth Circuit has articulated a three-part test for determining whether disqualification based on a conflict of interest is warranted: (1) a past attorney-

4

client relationship existed between the party seeking disqualification and the attorney it seeks to disqualify; (2) the subject matter of those relationships was/is substantially related; and, (3) the attorney acquired confidential information from the party seeking disqualification. *In re Valley-Vulcan Mold Co.*, 5 F. App'x 396, 401 (6th Cir. 2001) (citing *Dana Corp. v. Blue Cross & Blue Shield Mut. of N. Ohio*, 900 F.2d 882, 889 (6th Cir. 1990)). Further, in analyzing motions to disqualify counsel for conflicts of interest, the federal courts are entitled to look to the state rules of professional conduct for guidance. *El Camino Res., Ltd. v. Huntington Nat'l Bank*, 623 F. Supp. 2d 863, 876 (W.D. Mich. 2007) (citing *In re Snyder*, 472 U.S. 634, 645 n.6 (1985)).

The Courts finds Plaintiffs arguments unavailing. "A fundamental premise of the adversary system is that individuals have the right to retain the attorney of their choice to represent their interest in judicial proceedings.... [T]he tactical use of attorney-misconduct disqualification motions is a deeply disturbing phenomenon in modern civil litigation. When a trial court mistakenly disqualifies a party's counsel as the result of an abusive disqualification motion, the court in essence permits the party's opponent to dictate his choice of counsel." *Doe v. City of Memphis*, 2015 WL 4019550, *7 (W.D. Tenn. 2015) (citing *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 441 (1985)). Here, there is no conflict of interest which would disqualify the Law Department from representing

Defendants. The Law Department is entitled to represent Defendants Shanti and Popaj here, so long as its continued representation does not comprise its effective representation of all Defendants or create an impermissible conflict. It is undisputed that Plaintiffs had no previous attorney-client relationship with the Law Department. Thus, this motion is due to be denied. Further, the Law Department's representation of the City in this case is not materially adverse to the interests of the remaining Defendants. And there has been no showing that the Law Department received any confidential information, or its representation of the City was to the detriment of Defendants.

### III. CONCLUSION

For the reasons set forth herein, Plaintiffs' *Motion to Disqualify Detroit Law Department as Counsel for Defendants* (ECF No. 46) is hereby **DENIED**.

**IT IS SO ORDERED**.

Date: October 29, 2025         s/Curtis Ivy, Jr.
                               Curtis Ivy, Jr.
                               United States Magistrate Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on October 29, 2025.

s/Sara Krause<br>
Case Manager<br>
(810) 341-7850